# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# (ANN ARBOR)

| | |
|---|---|
| MONTEL PULLEN, SHARNELL GRANDBERRY, DOMINIQUE STEWART and ADRIAN WILLIAMS, individually and on behalf of all similarly situated people,<br><br>Plaintiffs,<br><br>v.<br><br>MCDONALD'S CORPORATION, MCDONALD'S USA, LLC, and ECS PARTNERSHIP, LLC,<br><br>Defendants. | Case No. 5:14-CV-11081<br><br>Judge John Corbett O'Meara |

## DEFENDANT ECS PARTNERSHIP, LLC's
## MOTION TO STRIKE PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE

James D. Kurek (0023523)
Richard A. Millisor (0062883)
Joseph J. Brennan (0085353)
FISHER & PHILLIPS LLP
9150 South Hills Blvd., Suite 300
Cleveland, OH 44147-3599
(440) 838-8800 – Telephone
(440) 838-8805 – Facsimile
jkurek@laborlawyers.com
rmillisor@laborlawyers.com
jbrennan@laborlawyers.com

Linda J. Somers (P33018)
Jonathan T. Walton, Jr. (P32969)
WALTON & DONNELLY, P.C.
24055 Jefferson Ave., Ste. 101
St. Clair Shores, MI 48080
(586) 773-5552 – Telephone
(586) 498-8414 – Facsimile
Linda.somers@waltondonnelly.com
Jonathan.walton@waltondonnelly.com

*Counsel for Defendant, ECS Partnership, LLC*

ECS Partnership, LLC ("Defendant ECS" or "ECS"), by and through its undersigned counsel, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, respectfully moves this Court for an Order striking Plaintiffs' Notice of Supplemental Authority in Support of Motion for Conditional Certification and Judicial Notice ("Notice"). Plaintiffs' Notice points to inapplicable district court cases outside of the Sixth Circuit in an attempt to introduce additional arguments and research that is not appropriate "supplemental authority" and only serves to underscore Plaintiffs' inability to advance legal support for their request to proceed with their inherently individualized "engaged to wait" claim on a collective basis under 29 U.S.C. § 216(b). For the reasons discussed in the following memorandum of law, ECS respectfully requests this Court Strike Plaintiffs' Notice of Supplemental Authority in Support of Motion for Conditional Certification and Judicial Notice.

**MEMORANDUM OF LAW**

On August 1, 2014, Plaintiffs, without first filing a motion with this court seeking leave,[1] filed their Notice containing fourteen cases (each with an

---

[1] Although there is no express rule governing the filing of supplemental authority in either the federal or local rules of court, nearly all (if not all) cases involving the use of supplemental authority in this District introduced this authority through the commonly accepted practice of seeking leave of court. *See, e.g., Smith v. Happy's Pizza Franchise, LLC*, Case No. 12-cv-11462, ECF # 110 (E.D. Mich. Jan. 18, 2013) (granting motion for leave to file notice supplemental authority); *Linear Group Servs., LLC v. Attica Automation, Inc.*, 2014 U.S. Dist. LEXIS 94226, at

-1-

accompanying paraphrased parenthetical) addressing conditional certification of Fair Labor Standards Act collective actions. (ECF #40). The fourteen cases cited by Plaintiffs are not proper post-briefing "supplemental authority" inasmuch as none of the cases arise out of any court within the Sixth Circuit or inform the issue before this Court. *See Lee v. McDonald*, 2008 U.S. Dist. LEXIS 15877, at *3 (E.D. Mich. Mar. 3, 2008) (stating that the supplemental authority's "main objective was to bring to the Court's attention a Sixth Circuit decision issued after Defendant had filed her Motion to Dismiss. The filing of such notices of supplemental authority has precedent in this district."). Additionally, Plaintiffs' use of a "notice of supplemental authority" mechanism to bolster arguments in their prior briefing completed prior to oral argument should not be sanctioned. *Corwin v. Lawyers Title Ins. Co.*, Case No. 09-13897, ECF #62, Slip Op. at 1 (E.D. Mich. Apr. 25, 2011) (explaining that if a party wishes to bolster arguments or add additional research after briefing is closed "the Court may establish a supplemental briefing schedule").

Last, none of the cases cited in the Notice inform the issue pending before this Court. As explained in oral argument on June 12, 2014, this issue is whether Plaintiffs' "engaged to wait" theory – *i.e.*, that individual supervisors verbally

---

*17 (E.D. Mich. July 11, 2014) (denying motion for leave to file notice of supplemental authority). The Plaintiffs' departure from this established procedure is what has necessitated Defendant's need to classify this motion as a "motion to strike" rather than a "memorandum in opposition."

-2-

instructed individual putative class members to wait, off the clock, at the worksite for an indefinite period of time at the start of their scheduled shift or following an unpaid break necessary to render such time as compensable working time[2] – is somehow susceptible to collective treatment. Although Plaintiffs' Notice contains fourteen cases, it specifically directs this Court's attention to two as purportedly bearing on conditional certification of their waiting time theory: *Marin v. Apple-Metro, Inc.*, Case No. 12-CV-5274, ECF # 175 (E.D.N.Y. July 29, 2014), and *Bonds v. GMS Mine Repair & Maint., Inc.*, 2014 U.S. Dist. LEXIS 89181 (W.D. Pa. July 1, 2014). (ECF # 40, p. 3). Neither of these cases, however, remotely address Plaintiffs' unchartered request to conditionally certify their "engaged to wait" theory. *See Marin v. Apple-Metro, Inc., supra*, (addressing alleged systemic manipulation of time records to avoid an overtime pay obligation, rather than an "engaged to wait" theory); *Bonds v. GMS Mine Repair & Maint., Inc., supra* (addressing portal-to-portal allegations that all employees were collectively required, under penalty of being deemed late, to park at a designated parking lot at a specified time and wait for company transportation to a mine, rather than an "engaged to wait" theory). Accordingly, Plaintiffs' inapplicable "supplemental

---

[2] *See, e.g.*, 29 C.F.R. § 785.14 ("Facts may show that the employee was engaged to wait or they may show that he waited to be engaged."); 29 C.F.R. § 785.16 ("He is not completely relieved from duty and cannot use the time effectively for his own purposes unless he is definitely told in advance that he may leave the job and that he will not have to commence work until a definitely specified hour has arrived.").

-4-

authority" should be stricken. *See, e.g., City of Dearborn v. Comcast of Michigan III*, 2008 U.S. Dist. LEXIS 107463, at *2-3 (E.D. Mich. Nov. 24, 2008) ("Comcast objects to the supplemental authority. It says the [cited authority] is irrelevant… *** The Court finds that the [supplemental authority] does not add anything substantive to Plaintiffs' argument.").

Respectfully submitted,

/s/ *James D. Kurek*
James D. Kurek (0023523)
Richard A. Millisor (0062883)
Joseph J. Brennan (0085353)
FISHER & PHILLIPS LLP
9150 South Hills Blvd., Suite 300
Cleveland, OH 44147-3599
(440) 838-8800 – Telephone
(440) 838-8805 – Facsimile
jkurek@laborlawyers.com
rmillisor@laborlawyers.com
jbrennan@laborlawyers.com

Linda J. Somers (P33018)
Jonathan T. Walton, Jr. (P32969)
WALTON & DONNELLY, P.C.
24055 Jefferson Ave., Ste. 101
St. Clair Shores, MI 48080
(586) 773-5552 – Telephone
(586) 498-8414 – Facsimile
Linda.somers@waltondonnelly.com
Jonathan.walton@waltondonnelly.com

*Counsel for Defendant, ECS Partnership, LLC*

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2014, the foregoing *Defendant ECS Partnership, LLC's Motion to Strike Plaintiffs' Notice of Supplemental Authority in Support of Motion for Conditional Certification and Judicial Notice* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

*/s/ James D. Kurek*
James D. Kurek