UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTEL PULLEN, *et al.*,

    Plaintiffs,

v.

McDONALD'S CORPORATION, *et al.*,

    Defendants,

and

SHAMIA WILSON, *et al.*,

    Plaintiffs,

v.

McDONALD'S CORPORATION, *et al.*,

    Defendants.

Case No. 14-11081

Honorable John Corbett O'Meara

Case No. 14-11082

Honorable John Corbett O'Meara

_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MARCH 24, 2014
MOTIONS FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE
AND DENYING DEFENDANTS' MOTIONS TO STRIKE**

    This matter came before the court on Plaintiffs' March 24, 2014 Motions for Conditional Certification and Judicial Notice. Defendants filed responses May 23, 2014; and Plaintiffs filed reply briefs June 6, 2014. Defendants subsequently filed motions to strike portions of Plaintiffs' reply briefs and Plaintiffs' notices of supplemental authority. Oral argument was heard June 11, 2014.

## BACKGROUND FACTS

Two groups of plaintiffs filed separate lawsuits, now companion cases in this court, against different owners/operators of McDonald's restaurants, alleging that as a result of being engaged to wait[1] and as a result of having the costs of uniforms deducted from their paychecks, they have been compensated at less than the minimum wages required by Section 6(a) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a).

In two, nearly identical motions, Plaintiffs seek conditional certification of their FLSA claims as a collective action, along with judicial approval to notify what they believe to be more than 1,000[2] similarly situated workers who currently work or have worked at Defendants' restaurants during the past three years.

## LAW AND ANALYSIS

The FLSA permits plaintiffs to bring an action on behalf of themselves and other "similarly situated" employees. 29 U.S.C. § 216(b). In such a collective action, similarly situated employees must affirmatively opt into the class to become party plaintiffs, unlike absent class members in a Rule 23 class action. O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 583 (6th Cir. 2009).

The United States Court of Appeals recognizes a two-stage certification process for FLSA collective actions. At the initial stage, which typically takes place prior to discovery, courts apply a lenient standard to determine whether to conditionally certify the plaintiffs' collective action for the purpose of notifying potential opt-in plaintiffs of their right to participate. Id. After the parties

---

[1] Plaintiffs claim that on multiple occasions they have been required to wait off-the-clock, either at the beginning of a scheduled shift or during an extended break.

[2] Defendant ECS Partnership contends that the number of workers is 3,000.

have had an opportunity to conduct discovery and potential plaintiffs have had an opportunity to opt in, a defendant may move to decertify the conditionally-certified class, at which point courts apply a more rigorous standard to determine whether, based on a full evidentiary record, the opt-in plaintiffs are in fact similarly situated to the named plaintiffs. Id.

Potential collective action members are similarly situated to the named plaintiffs when they are the "victims of a common policy or plan that violated the law" or when their "claims [are] unified by common theories of defendant's statutory violations, even if the proofs of those theories are inevitably individualized and distinct." Olivo v. GMAC Mortgage Corp., 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004).

In this case Plaintiffs assert that their claims are unified by the common theory that Defendants caused Plaintiffs and other employees to delay clocking in at the beginning of scheduled shifts and to take extended mid-shift breaks when a restaurant's labor costs exceeded a target set by McDonald's Corporate and that this waiting time is compensable under the FLSA. Plaintiffs also argue that conditional certification of their uniform deduction claim is appropriate because they are victims of a policy to deduct the costs of uniform items from workers to whom it pays at or near minimum wage. Plaintiffs allege that theses deductions result in their failing to make, on average, the minimum wage dictated by the Act.

Although the case law is clear that standard for granting conditional certification is lenient, this would be very large class to notify. Furthermore, at the post-discovery stage, it is almost certain that the court ultimately would find that the plaintiffs are not similarly situated in order to certify a class under the FLSA. These 1,000 to 3,000 putative class members had varying pay rates, hours worked and deduction methodologies applied to their pay. They worked for different managers

at different restaurants; and the wait times are extremely inconsistent, both in terms of duration and frequency. As for the deduction for uniforms, some of the putative class members were under the age of 20; therefore, their lawful minimum wage was $3.00 per hour less than older plaintiffs. Depending upon the hours worked per week, the deduction for uniforms may or may not have dropped their average hourly pay to such an extent that it would violate the FLSA. Moreover, at oral argument Defendants agreed to reimburse employees for whom clothing deductions lowered their average hourly pay to an amount violating the FLSA.

Because the court's denial of these motions is not based on supplemental authority, evidence or arguments presented in Plaintiffs' reply briefs or supplemental briefs, the court will deny as moot Defendants' motions to strike.

## **ORDER**

It is hereby **ORDERED** that Plaintiffs' March 24, 2014 motions for conditional certification and judicial notice are **DENIED.**

It is further **ORDERED** that defendant Accell's June 11, 2014 motion to strike and defendant ECS Partnership's August 18, 2014 motion to strike are **DENIED AS MOOT.**

                                                    s/John Corbett O'Meara
                                                    United States District Judge

Date:  September 15, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 15, 2014, using the ECF system.

                                                    s/William Barkholz
                                                    Case Manager