UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTEL PULLEN, *et al.*,

        Plaintiffs,

v.

McDONALD'S CORPORATION, *et al.*,

        Defendants,

and

SHAMIA WILSON, *et al.*,

        Plaintiffs,

v.

McDONALD'S CORPORATION, *et al.*,

        Defendants.

Case No. 14-11081

Honorable John Corbett O'Meara

Case No. 14-11082

Honorable John Corbett O'Meara

_____/

**OPINION AND ORDER DENYING
PLAINTIFFS' MOTIONS FOR LEAVE TO APPEAL UNDER 28 U.S.C.§ 1292(b)**

      This matter came before the court on Plaintiffs' Motions for Leave to Appeal Under 28 U.S.C.

§ 1292(b) of the Court's Opinion and Order Denying Plaintiffs' Motion for Conditional Certification.

The issues have been fully briefed; no oral argument was heard.

**BACKGROUND FACTS**

      Two groups of plaintiffs filed separate lawsuits, now companion cases in this court, against

different owners/operators of McDonald's restaurants, alleging that as a result of being engaged to

wait[1] and as a result of having the costs of uniforms deducted from their paychecks, they have been compensated at less than the minimum wages required by Section 6(a) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a).

Plaintiffs filed motions seeking conditional certification of their FLSA claims as a collective action, and the court denied the motions.  Plaintiffs now seek interlocutory appeal of the denial.

## LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 1292(b),

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The United States Court of Appeals for the Sixth Circuit has noted that "review under § 1292(b) should be sparingly granted and then only in exceptional cases." Vitols v. Citizens Banking Co., 984 F.2d 168, 170 (6th Cir. 1993).

"A legal issue is controlling if it could materially affect the outcome of the case." In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002).  "A legal question of the type envisioned in § 1292(b), however, generally does not include matters within the discretion of the trial court." Id.

Appellate courts, including the Sixth Circuit, have repeatedly held that a "decision to create an opt-in class under § 1292(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001); see also Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir.

---

[1]Plaintiffs claim that on multiple occasions they have been required to wait off-the-clock, either at the beginning of a scheduled shift or during an extended break.

2006); <u>Gooch v. Life Investors Ins. Co. of Am.</u>, 672 F.3d 402, 417 (6th Cir. 2012); <u>Davis v. Cintas Corp.</u>, 717 F.3d 478, 484 (6th Cir. 2013).  Therefore, because determining whether conditional certification of an FSLA collective action is a matter within the trial court's discretion, it does not present the type of issue appealable under § 1292(b).

A controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." <u>Long v. CPI Security Sys., Inc.</u>, 2013 U.S. Dist. LEXIS 990063, *4 (W.D.N.C. July 16, 2013). Regardless of any decision by the appellate court in this case at this point, it would not end the litigation, as the named plaintiffs still will proceed on the merits of their cases.  Therefore, Plaintiffs have failed to present an issue of controlling law.

Plaintiffs also have failed to show there is a difference of opinion regarding the legal standard applied to their motions for conditional certification.  A substantial ground for difference of opinion exists only when:  (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.  <u>Eagan v. CSX Transp., Inc.</u>, 294 F. Supp. 2d 911, 916 (E.D. Mich. 2003).  None of these situations exists in this case.  In fact, the law is well-settled; and Plaintiffs concede that this court "correctly recognized the Sixth Circuit's two-stage certification process for collective actions under Section 16(b) of the Fair Labor Standards Act (FSLA), 29 U.S.C. § 216(b)."  Plaintiffs' mot. br. at 1.  Plaintiffs challenge only this court's application of the legal standard.

Finally, there is no certainty that an immediate appeal from the court's decision denying conditional certification would materially advance the ultimate termination of the litigation. Again, litigation in this case would continue on the merits regardless of a decision by the appellate court. An interlocutory appeal would serve only to delay even further the resolution of this case and potentially increase the costs for all parties involved.

## **ORDER**

It is hereby **ORDERED** that Plaintiffs' Motions for Certification for Appeal Under 28 U.S.C. § 1292(b) of the Court's Opinion and Order Denying Plaintiffs' Motion for Conditional Certification are **DENIED.**

s/John Corbett O'Meara
United States District Judge

Date: August 17, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 17, 2015, using the ECF system.

s/William Barkholz
Case Manager

4