UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTEL PULLEN, *et al.*,

    Plaintiffs,

Case No. 14-11081

Honorable John Corbett O'Meara

v.

McDONALD'S CORPORATION, *et al.*,

    Defendants,

and

SHAMIA WILSON, *et al.*,

    Plaintiffs,

Case No. 14-11082

v.

Honorable John Corbett O'Meara

McDONALD'S CORPORATION, *et al.*,

    Defendants.

_____/

## OPINION AND ORDER DENYING
## PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR AMENDED COMPLAINT

This matter came before the court on the Pullen Plaintiffs' Motion for Leave to Amend Their Amended Complaint. The issues have been fully briefed; no oral argument was heard.

### BACKGROUND FACTS

Two groups of plaintiffs filed separate lawsuits, now companion cases in this court, against different owners/operators of McDonald's restaurants, alleging that as a result of being engaged to

wait[1] and as a result of having the costs of uniforms deducted from their paychecks, they have been compensated at less than the minimum wages required by Section 6(a) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a).

Plaintiffs filed motions seeking conditional certification of their FLSA claims as a collective action, and the court denied the motions. The Pullen Plaintiffs now seek to amend their amended complaint to add 59 purported "opt-ins" as named plaintiffs in this case.

## LAW AND ANALYSIS

In order to be granted leave to amend their complaint to add new, named plaintiffs at this stage of the litigation, Plaintiffs must meet the requirements both to amend their pleading under Rule 15 of the Federal Rules of Civil Procedure and for permissive joinder of parties under Rule 20. Price v. Caruso, 2007 WL 2914232, at *2 (W.D. Mich. Oct. 3, 2007).

Under Rule 20, plaintiffs seeking to join a case must assert both a right arising out of the same "transaction or occurrence" as the named plaintiffs and that a common "question of law or fact . . . will arise in the action." Fed. R. Civ. P. 20(a)(1). To meet the commonality requirement, Plaintiffs must allege a common question of law or fact that is capable of class-wide resolution. General allegations of FLSA violations are not sufficient where "trying plaintiffs' claims together will not produce a common answer to the crucial question[s] raised by the plaintiffs' complaint." In these situations, "individualized factual issues impacting liability make joinder of plaintiffs in this action impracticable." Armstead v. City of Los Angeles, 2014 WL 6896039, at *8-9 (C.D. Cal. Dec. 5, 2014). If "there will likely be distinct answers to the same question because plaintiffs 'worked in

---

[1] Plaintiffs claim that on multiple occasions they have been required to wait off-the-clock, either at the beginning of a scheduled shift or during an extended break.

disparate locations for a variety of supervisors,'" joinder is not appropriate. Id. at *9 (citations omitted).

Similarly, to meet the "transaction or occurrence" requirement, "parties must assert rights, or have rights asserted against them, that arise from related activities--a transaction or an occurrence or a series thereof." Bridgeport Music, Inc. v. 11C Music, 202 F.R.D. 229, 231 (M.D. Tenn. 2001). The United States Court of Appeals for the Sixth Circuit has compared Rule 20's requirements with FLSA section 216(b)'s "similarly situated" standard and has found that section 216(c) is "more elastic and less stringent" than the requirements of Rule 20. See e.g., O'Brien v. Ed Donnelly Enter., Inc., 575 F.3d 567, 584 (6th Cir. 2009). Where plaintiffs have failed to meet the more stringent standard for conditional certification, courts have found joinder of opt-ins unwarranted. See e.g., Botero v. Commonwealth Limo. Serv., Inc., 2014 WL 5151137, at *2 (D. Mass. Oct. 8, 2014). The Botero court found, "Joinder is not warranted here because plaintiff has already failed to convince this Court that the experiences of the [purported opt-ins] are susceptible to FLSA class treatment. As such it can hardly be said that the factual scenarios of the 14 'opt-ins' stem from the same 'transaction or occurrence' or 'share an aggregate of operative facts.'" Id.

In this case, as in Botero, this court previously has found that Plaintiffs failed to meet the less stringent standard for FLSA section 216(b) certification. The affidavits attached to Plaintiffs' motion for leave to amend implicate at least 12 additional stores, 27 additional managers, numerous variations in waiting time allegations, and variations in hours worked. Adding these 59 individuals will do nothing to advance judicial efficiency.

Furthermore, the cases Plaintiffs rely on to support amending their amended complaint were situations in which joinder was sought for only one and five additional named plaintiffs: Hill v. R

& L Carriers, Inc., 2011 WL 1990651, at *2 (N.D. Cal. May 23, 2011) (seeking joinder of one plaintiff); Lowery v. Greater Chattanooga Pub. Television Corp., 2008 WL 269542, at *1 (E.D. Tenn. Jan. 25, 2008) (seeking joinder of one plaintiff); Harper v. Pilot Travel Ctr., L.L.C., 2012 WL 395122, at *4 (S.D. Ohio Feb. 7, 2012) (seeking joinder of five plaintiffs).  Here, Plaintiffs seek to add 59 individuals.  Plaintiffs' motion for leave to amend their amended complaint is an attempt at an end around the court's previous denial of conditional certification.

## ORDER

It is hereby **ORDERED** that the Pullen Plaintiffs' Motion for Leave to Amend Their Amended Complaint is **DENIED.**

                                              s/John Corbett O'Meara
                                              United States District Judge

Date:  August 17, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 17, 2015, using the ECF system.

                                              s/William Barkholz
                                              Case Manager