UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTEL PULLEN, *et al.*,

        Plaintiffs,

v.

McDONALD'S CORPORATION, *et al.*,

        Defendants,

and

SHAMIA WILSON, *et al.*,

        Plaintiffs,

v.

McDONALD'S CORPORATION, *et al.*,

        Defendants.

Case No. 14-11081

Honorable John Corbett O'Meara

Case No. 14-11082

Honorable John Corbett O'Meara

_____/

### OPINION AND ORDER DENYING WITHOUT PREJUDICE
### DEFENDANTS' MOTIONS TO STRIKE CLASS ALLEGATIONS

This matter came before the court on Defendants' Motions to Strike Class Allegations in Plaintiffs' Amended Complaints pursuant to Fed. R. Civ. P. 23(d)(1)(D). The issues have been fully briefed; no oral argument was heard.

### BACKGROUND FACTS

Two groups of plaintiffs filed separate lawsuits, now companion cases in this court, against different owners/operators of McDonald's restaurants, alleging that as a result of being engaged to

wait[1] and as a result of having the costs of uniforms deducted from their paychecks, they have been compensated at less than the minimum wages required by Section 6(a) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a).

Plaintiffs filed motions seeking conditional certification of their FLSA claims as a collective action, and the court denied the motions.  Defendants now seek to strike the class allegations in Plaintiffs' Amended Complaints.

## LAW AND ANALYSIS

Pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure, "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."  "Either plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)."  Pilgrim v. Universal Health Card, L.L.C., 660 F.3d 943, 949 (6th Cir. 2011).  A court should strike class action allegations before discovery on class certification issues where the defendant shows that "the plaintiff will be unable to demonstrate facts supporting certification, even after discovery and the creation of a full factual record."  Jimenez v. Allstate Indem. Co., 2010 WL 3623176, at *3 (E.D. Mich. Sept. 15, 2010).  See also Pilgrim, 660 F.3d at 949.

The United States Court of Appeals for the Sixth Circuit has recognized that plaintiffs' burden in establishing class certification under Rule 23 is higher and more stringent than establishing collective actions under the FLSA.  See e.g., Frye v. Baptist Mem. Hosp., Inc., 495 Fed. Appx. 669, 671 (6th Cir. 2012).  Because this court has already denied Plaintiffs' motion for conditional

---

[1]Plaintiffs claim that on multiple occasions they have been required to wait off-the-clock, either at the beginning of a scheduled shift or during an extended break.

certification under the FLSA, it is unlikely that they will be able to establish grounds for class certification under Rule 23(a).  However, almost no discovery has yet been taken in this case. Rather than grant Defendants' motions to strike the class allegations in Plaintiffs' Amended Complaints at this time, the court will let the parties to proceed with discovery, allowing for the possibility that a subclass of plaintiffs may arise from the originally-proposed classes.

## ORDER

It is hereby **ORDERED** that Defendants' Motions to Strike Class Allegations in Plaintiffs' Amended Complaints are **DENIED WITHOUT PREJUDICE.**


s/John Corbett O'Meara
United States District Judge


Date:  August 17, 2015




I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 17, 2015, using the ECF system.


s/William Barkholz
Case Manager

3